1

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                    EASTERN DISTRICT OF CALIFORNIA

11

12    GORDON D. MEADOR,                          Case No. 1:14-cv-0006 DLB PC

13              Plaintiff,                        ORDER DENYING PLAINTIFF'S MOTION
                                                  FOR PRELIMINARY INJUNCTION
14         v.
                                                  [ECF No. 6]
15    DR. K. AYE, et al.,

16              Defendants.

17

18         Plaintiff Gordon D. Meador ("Plaintiff") is a California state prisoner proceeding pro se and

19    in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

20    January 2, 2014.[1]  He names Dr. K. Aye, Dr. Gill, Dr. Clark, Dr. Wang, Dr. Nguyen, Dr. Kim, Nurse

21    Sellars, and Dr. Moone as Defendants.

22         On January 8, 2015, Plaintiff filed a motion seeking a preliminary injunction that would

23    require Defendants to place Plaintiff in the prison hospital in order to prevent further falls by

24    Plaintiff.

25         A preliminary injunction is an extraordinary remedy never awarded as of right.  Winter v.

26    Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted).  For each form

27    of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth Island Institute,

28

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on January 13, 2014.

555 U.S. 488, 493 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  <u>Summers</u>, 555 U.S. at 493 (quotation marks and citation omitted); <u>Mayfield</u>, 599 F.3d at 969.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint, with leave to amend.  Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.

For the reasons set forth above, Plaintiff's motion for preliminary injunctive relief, filed January 8, 2015, is HEREBY DENIED.  18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.

IT IS SO ORDERED.

Dated:   **January 16, 2015**          /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE

2