UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GORDON D. MEADOR,         | Case No. 1:14-cv-0006 DLB PC |
|---|---|
| Plaintiff,                | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v.                        | THIRTY-DAY DEADLINE |
| DR. K. AYE, et al.,       |  |
| Defendants.               |  |

Plaintiff Gordon D. Meador ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 2, 2014.[1] He names Dr. K. Aye, Dr. Gill, Dr. Clark, Dr. Wang, Dr. Nguyen, Dr. Kim, Nurse Sellars, and Dr. Moone as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on January 13, 2014.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison where the events giving rise to this action took place.

Plaintiff alleges the following. On or about April of 2012, Plaintiff began suffering from severe back pain. Plaintiff notified Dr. Supratim Banerjec on April 28, 2012. Dr. Banerjec did not order an MRI, X-Ray, or blood test. Dr. Banerjec sent Plaintiff back to his housing unit.

For several weeks thereafter, Plaintiff began having severe back pain and chills. In April or

May, Plaintiff filed an emergency medical appeal for treatment for his back.

Several weeks later, Plaintiff could no longer walk.  About two weeks later, Dr. Clark ordered pain medicine and admitted Plaintiff to the prison hospital, and placed Plaintiff in the care of Dr. Kim, who was in charge of ACH-Unit A.  Dr. Kim ordered physical therapy for 5 weeks, but did not request blood tests or X-Rays.  Finally, Dr. Kim told Plaintiff he could do nothing more for him and that Plaintiff needed to deal with the problem and stop whining so much.  Dr. Kim told Plaintiff there was nothing wrong with his back.  Dr. Kim discharged Plaintiff back to his yard.

For several weeks thereafter, Plaintiff requested multiple times for an X-Ray, MRI, or blood test.  The requests were ignored.  Plaintiff went to the ACH Hospital emergency room on numerous occasions and requested tests for his back, but his requests were denied.

From April of 2012 through February 2013, Plaintiff states he was denied and threatened by Defendant Sellars to either shut up and come to his cell door or do without food and medicine for his back pain.  The medication, morphine, had been provided for an earlier back injury from 1995.

On or about December of 2012, Plaintiff's condition had deteriorated to the point he could not get out of bed to get his meals or medicine.  On several occasions, Correctional Officer Pardo had taken it upon himself to bring Plaintiff his meals and medicine since Plaintiff could no longer stand.  After several weeks, Correctional Officer Miranda took it upon himself to file a report to Unit Sergeant Felix, and spoke to the head doctor assigned to the unit about Plaintiff's condition.  After being convinced by Miranda, the doctor admitted Plaintiff to ACH-Unit B in February of 2013.

Defendant Moone ordered X-Rays and blood tests in an effort to locate the problem.   On or about February 21, 2013, Plaintiff's X-Rays and blood tests revealed a massive infection in the back at the T-12 and L-1 location of the spine.  Dr. Moone ordered that Plaintiff be transferred to San Joaquin Hospital in Bakersfield for treatment.  On February 21 and 22, the emergency doctor ordered an MRI of the spine.  The results showed a massive infection of the spine referred to as "Osteyomalitis and Diskitis" at the T-12 and L-1.  Plaintiff was admitted and administered antibiotics to kill the infection.  Plaintiff was placed in traction with an inflatable mattress and leg pumps.  He was given morphine every two hours for the pain.

After a few days, the admitting doctor contacted the infectious disease doctor who told

3

Plaintiff that his spinal condition was equivalent to having a broken spine. As a result of the lack of treatment earlier, the infection had been allowed to spread and eat away at the bones in the spine.

After approximately seven days, Plaintiff was transferred back to Corcoran Prison Hospital and placed in the care of Dr. Moone. From February 21, 2013, to May 16, 2013, Plaintiff had to undergo intensive I.V. antibiotics with one of the strongest antibiotics available. On May 16, 2013, Plaintiff was discharged back to his unit, because the infection was no longer seen in the blood test.

On or about June of 2013, Plaintiff was once again crippled and could not get out of bed. He was returned to San Joaquin Hospital where MRI tests revealed the infection had returned. Plaintiff was once again admitted and antibiotics were administered. Shortly thereafter, Plaintiff was returned to the prison hospital and placed back in the care of Dr. Moone. Antibiotics resumed at the prison.

On July 29, 2013, another MRI was performed and revealed the infection was once again full blown. Stronger antibiotics were ordered by the infectious disease doctor.

Plaintiff alleges that the failure to treat him for several months caused extensive and permanent damage to his spine. He claims he is crippled from the damage caused to the bones in his spine. He claims he has experienced severe pain and suffering. He claims that in the event the most recent course of antibiotics fails to kill the infection, surgery will have to be performed to remove the infection, which could cause Plaintiff to never again be able to walk.

Plaintiff seeks damages in the amount of $250,000.00 from each named Defendant, and he seeks reimbursement for any medical prosthesis needed because of the damage.

## C.  DISCUSSION

### 1.  Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.

4

Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to state how Defendants Aye, Gill, Wang, or Nguyen participated in the violations at issue. Plaintiff must specifically state how each named Defendant personally acted to deprive him of his rights. Plaintiff's general allegations that all named Defendants participated in some manner is too vague to state a claim. Plaintiff will be provided an opportunity to file an amended complaint.

2. Medical Treatment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not demonstrate that any named Defendant acted with the requisite state of mind. With respect to Defendants Aye, Gill, Wang, and Nguyen, Plaintiff makes no allegations whatsoever.

As to Defendant Clark, Plaintiff states that Defendant Clark ordered pain medicine and admitted Plaintiff to the prison hospital, and placed Plaintiff in the care of Dr. Kim, who was in charge of ACH-Unit A. Plaintiff fails to state how Defendant Clark failed to treat him, and how any failure to treat constituted deliberate indifference.

Plaintiff does not deny that he sought and received medical care from Defendant Kim. Plaintiff states Defendant Clark placed him in Defendant Kim's care. Subsequently, Defendant Kim ordered physical therapy for 5 weeks. Defendant Kim concluded that there was nothing wrong with Plaintiff's back, and he could do nothing more for him. Plaintiff fails to show that Defendant Kim failed to respond to Plaintiff's needs. Plaintiff alleges Defendant Kim did not perform blood tests or X-Rays as Plaintiff had requested, but "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). The medical treatment Plaintiff received from Defendant Kim proved ineffective, but at most, Plaintiff's allegations amount to negligence. An Eighth Amendment claim may not be premised on an ordinary

6

lack of due care, or even gross negligence, by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff claims that his requests were denied and he was threatened by Defendant Sellars to either shut up and come to his cell door or do without food and medicine for his back pain. This allegation is too vague to substantiate a claim of deliberate indifference to a medical need. Plaintiff does not state what it was that Defendant Sellars denied him, and it appears that she provided what was required despite her threats otherwise.

Last, Plaintiff fails to state a claim of deliberate indifference against Defendant Moone. Plaintiff does not state that Defendant Moone denied him medical treatment; rather, he concedes that Defendant Moone provided him with medical care, but Plaintiff's body did not fully respond to the antibiotic treatments. Plaintiff's allegations amount at most to a claim of negligence, and an Eighth Amendment claim may not be premised on a claim of ordinary lack of care, or even gross negligence. Wood, 900 F.2d at 1334.

Plaintiff has therefore failed to state a deliberate indifference claim against any named Defendant. Plaintiff will be granted an opportunity to file an amended complaint.

3.  Assault and Battery

Plaintiff claims Defendants committed the torts of assault and battery. Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekkle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation and

quotations omitted).

Plaintiff fails to state a claim of either assault or battery against any named Defendant.

4. Due Process – Negligence

Plaintiff claims Defendants actions were negligent. The protections of the Due Process Clause are not "triggered by lack of due care by prison officials." Daniels v. Williams, 474 U.S. 327, 333 (1986); Maddox v. City of Los Angeles, 792 F.2d 1408, 1413 (9th Cir. 1986). Thus, negligent conduct does not state a claim under section 1983 for violation of the Due Process Clause of the Fourteenth Amendment. Daniels, 474 U.S. at 334; Maddox, 792 F.2d at 1413.

5. State Law – Negligence

To the extent Plaintiff is attempting to pursue a claim under California law for negligence, the Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges he filed an inmate appeal but he does not allege he complied with the Government Claims Act. Therefore, Plaintiff fails to state a claim.

In addition, "[u]nder California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)). Plaintiff's allegations do not support a claim that any named Defendant breached a duty owed to Plaintiff, causing him injury. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

6. Intentional Infliction of Emotional Distress

Plaintiff claims that Defendants intentionally inflicted emotional distress. Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware. Simo, 322 F.3d at 622.

Plaintiff fails to state a claim of intentional infliction of emotional distress against any named Defendant.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

(2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 16, 2015**        /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE