# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. K. AYE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-0006 DLB PC<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br><br>[ECF No. 20] |

Plaintiff Gordon D. Meador ("Plaintiff") is a California state prisoner proceeding in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is represented in this action by Brian C. McComas, Esq., for the limited purpose of investigating the claim, then drafting and filing an amended complaint.

Plaintiff filed this action on January 2, 2014.[1] On January 16, 2015, the Court dismissed the complaint with leave to amend. Counsel for Plaintiff is currently investigating and preparing an amended complaint.

On March 11, 2015, Plaintiff filed a motion for a temporary restraining order. Plaintiff states that he has recently been transferred from Corcoran State Prison to R.J. Donovan Correctional Facility in San Diego. Plaintiff seeks an injunction to obtain the legal property that was transferred

---

[1] On January 13, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge.

1

with him from Corcoran to R. J. Donovan, but which has not been released to Plaintiff.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

As noted above, the initial complaint was dismissed with leave to amend, and counsel was appointed to assist in the preparation of an amended complaint.  In light of Plaintiff's failure to state any claim upon which relief may be granted, there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the orders sought by Plaintiff.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, assuming that Plaintiff is able to amend to state a claim for violation of the Eighth Amendment arising from inadequate medical care, the pendency of this action will not entitle Plaintiff to the issuance of a preliminary injunction aimed at securing his legal property.  Id.  The Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.  Id.

**ORDER**

Accordingly, Plaintiff's motion for preliminary injunctive relief is HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: __March 20, 2015__                              /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE