# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. K. AYE, et al.,<br><br>    Defendants. | Case No. 1:14-cv-0006 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS TO FILE AN ANSWER<br><br>[ECF No. 46] |

Plaintiff Gordon D. Meador ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on January 2, 2014. On January 16, 2015, the Court screened the Complaint and determined that it failed to state a cognizable claim for relief. Plaintiff was granted leave to file an amended complaint. On February 11, 2015, counsel was appointed for Plaintiff for the limited purpose of drafting and filing a First Amended Complaint. On September 22, 2015, Plaintiff filed a First Amended Complaint. Counsel's representation was thereafter discontinued and Plaintiff is now proceeding pro se. On December 9, 2015, the Court screened the First Amended Complaint. Plaintiff was directed to notify the Court whether he wished to proceed with the claims found cognizable by the Court or if he desired to file a Second Amended Complaint. On December 17, 2015, Plaintiff notified the Court of his willingness to proceed with the cognizable claims. On

December 23, 2015, the Court issued an order finding certain claims cognizable and dismissing certain claims and defendants. The Court further issued an order directing the U.S. Marshals Service to serve Defendants with the First Amended Complaint.

On February 25, 2016, Plaintiff filed the instant motion for a court order directing Defendants to file an answer. Plaintiff complains that Defendants have not filed an answer within 21 days as required by court order. Plaintiff's argument is not well-taken. The Court's order of December 23, 2015, directed the U.S. Marshals Service to serve Defendants within ten days by first requesting a waiver of service. If a waiver of service is not returned by a defendant within sixty days, then the Marshals Service is required to personally serve the defendants. Only after the defendants have executed a waiver of service or are personally served are they required to file an answer. In this case, a waiver of service has not been received by the Court and there is no indication that any defendants have been personally served by the U.S. Marshals Service. Therefore, no defendant is required to answer the complaint at this time.

Accordingly, Plaintiff's motion for a court order directing Defendants to file an answer is DENIED.

IT IS SO ORDERED.

Dated:   **February 26, 2016**              /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE