UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>        Plaintiff,<br><br>    v.<br><br>K. AYE, et al.,<br><br>        Defendant. | 1:14-cv-00006-DAD-DLB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 63) |

On May 16, 2016, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court has repeatedly sought to obtain volunteer counsel to represent Plaintiff.  Unfortunately, efforts have proven unsuccessful.  Without the availability of volunteer counsel willing to substitute into the case, the court cannot appoint counsel.

IT IS SO ORDERED.

Dated:   **May 18, 2016**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE