# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. K. AYE, et al.,<br><br>        Defendants. | Case No. 1:14-cv-0006 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTIONS FOR TEMPORARY RESTRAINING ORDERS<br><br>[ECF No. 68, 71] |

      Plaintiff Gordon D. Meador ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

      On September 22, 2015, plaintiff filed a first amended complaint in this action. On March 24, 2016, defendants filed an answer. On May 5, 2016, the undersigned issued a discovery and scheduling order.

      On May 23, 2016, Plaintiff filed a motion for a temporary restraining order. Plaintiff states that he has been moved to another cell at Kern Valley State Prison. He complains that the new cell does not have railings, lockers, desk, or electrical outlets. He seeks an order enjoining Kern Valley State Prison staff from moving him to a regular cell and instead housing him in a medical cell.

      On June 22, 2016, Plaintiff filed a second motion for temporary restraining order. He claims that an "Officer Mack" at Kern Valley State Prison has attempted on several occasions to kill him.

1

He seeks a restraining order against Officer Mack as well as several other correctional officers at Kern Valley State Prison to enjoin them from acting in concert or participating with each other in attempting to kill or harm him.  He states he has been moved to Lancaster as a result of these attempts.

 "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

In this case, Plaintiff seeks a restraining order against individuals who are not defendants in this case.  Therefore, the Court lacks jurisdiction to issue the orders sought by Plaintiff.  In addition, Plaintiff has been moved to Lancaster, so the issues presented in his motions are now moot.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **June 24, 2016**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE