# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>K. AYE, et al.,<br><br>    Defendants. | Case No.  1:14-cv-00006 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTIONS FOR INJUNCTIVE RELIEF<br><br>[Doc Nos. 58, 59, 64, 65, 73, 80] |

Plaintiff Gordon D. Meador ("plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

On September 22, 2015, plaintiff filed a first amended complaint in this action. On March 24, 2016, defendants filed an answer. On May 5, 2016, the magistrate judge issued a discovery and scheduling order.

Plaintiff has filed several motions concerning his files, legal property, legal supplies and personal property. On May 2, 2016, plaintiff filed a motion for an order directing the Kern Valley State Prison ("KVSP") litigation coordinator to recover his files and law books from his ex-cellmate. On May 2, 2016, plaintiff filed a second motion for an order directing the CDCR, the litigation coordinator, and/or warden Pfeiffer to provide him with his personal property including his legal property and materials. Plaintiff contends that he has not been given all of his legal property as well as supplies while in administrative segregation. On May 16, 2016,

plaintiff filed a third motion for an order directing the CDCR to provide him with legal supplies as well as access to legal materials.  Defendants have not filed a response.

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994), and the court lacks jurisdiction to issue any orders regarding plaintiff's current conditions of confinement, including access to legal property, 18 U.S.C. § 3626(a)(1)(A); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

In addition, on May 16, 2016, plaintiff filed a motion for a temporary restraining order concerning an alleged conspiracy to have him seriously hurt or killed.  Plaintiff alleges that certain prison staff members have drafted false allegations that plaintiff is a "historical child molester" and then generated chronos to gang members on the sensitive needs yard for purposes of having plaintiff hurt or killed.  Plaintiff alleges that he informed Garcia who thought it was funny, but refused to provide plaintiff with his arrest FBI rap sheet.  Plaintiff also points to a report drafted by Dr. Heath.  He requests an emergency preliminary injunction concerning Dr. Heath and Dr. William Rhort.  However, Garcia, Heath, and Rhort are not defendants in this action, and the court lacks jurisdiction to grant the requested injunctive relief.

Also, on June 24, 2016, Plaintiff filed a motion for an emergency preliminary injunction.  In this motion, Plaintiff asks for an injunction concerning an "Officer Mack" at Kern Valley State Prison who Plaintiff alleges has attempted to kill or harm him.  Plaintiff is currently at Lancaster.  Plaintiff's request is without merit since Officer Mack is not a defendant in this case.  In addition, Plaintiff is now in Lancaster, so the issues concerning Officer Mack are moot.

On July 14, 2016, Plaintiff filed another motion for emergency injunction.  Plaintiff complains that staff at Lancaster prison have taken his legal mail.  In addition, Plaintiff states his life will be in danger if he is returned to Kern Valley State Prison.  For the same reasons previously stated, the Court lacks jurisdiction to grant the requested injunctive relief.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motions for preliminary

injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:  **August 9, 2016**                         /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE