UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>              Plaintiff,<br><br>   v.<br><br>K. AYE, et al.,<br><br>              Defendants. | 1:14-cv-00006-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, GRANTING PLAINTIFF 60 DAYS TO FILE A RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION, AND REQUIRING RESPONSE FROM THE OFFICE OF THE ATTORNEY GENERAL REGARDING ACCESS TO THE LAW LIBRARY WITHIN 14 DAYS<br><br>(ECF NO. 102) |

Gordon Meador ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 9, 2016, Plaintiff filed a request for appointment of pro bono counsel. (ECF No. 102). Plaintiff asks the Court to appoint limited purpose counsel to draft and file an opposition to Defendants' motion for summary judgment.

According to Plaintiff, he needs counsel appointed because this case is complex, because Plaintiff is in Administrative Segregation and has no law library access, because Plaintiff has limited knowledge of the law, because Plaintiff has a 2.9 GPL, and because Plaintiff has been

unable to obtain declarations from his witnesses.

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

As Plaintiff points out, the Court has already attempted to find pro bono counsel for Plaintiff.  The Court was able to locate pro bono counsel for the limited purpose of drafting the First Amended Complaint (ECF No. 14)).  But it has been unable to find any counsel willing to take on the rest of Plaintiff's case pro bono.  The Court cannot require any attorney to represent Plaintiff pro bono.  Accordingly, Plaintiff's motion for appointment of pro bono counsel will be denied.  If this case proceeds past summary judgment to trial, Plaintiff can ask for pro bono counsel again for purposes of trial.

The Court notes that Plaintiff does not need to use any special legal words in responding to Defendants' motion for summary judgment.  The important thing is for Plaintiff to include any evidence that supports his claims, including his own sworn statements.

That said, given the complexity of the case, and as it appears that Plaintiff is currently unable to prosecute his case due to the conditions of his incarceration, the Court will grant Plaintiff 60 days from the date of service of this order to respond to Defendants' motion for summary judgment.

Plaintiff also claims that he has <u>no</u> access to the law library right now.  (ECF No. 102, at p. 1)  This concerns the Court.  Accordingly, the Court will require a response from the Office of the

Attorney General regarding Plaintiff's alleged lack of law library access.

Therefore, based on the foregoing, it is ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel is DENIED;
2. Plaintiff has 60 days from the date of service of this order to respond to Defendants' motion for summary judgment;
3. Within fourteen (14) days from the date of service of this order the Office of the Attorney General shall address the allegations in Plaintiff's motion regarding lack of law library access and his inability to obtain declarations from witnesses; and
4. The Clerk of Court is directed to serve Supervising Deputy Attorney General Monica Anderson with a copy of this order and a copy of Plaintiff's motion for appointment of pro bono counsel (ECF No. 102).

IT IS SO ORDERED.

Dated: **December 16, 2016**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE