UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>K. AYE, et al.,<br><br>    Defendants. | 1:14-cv-00006-DAD-EPG (PC)<br><br>SUPPLEMENT TO ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 103) |

  Gordon Meador ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 9, 2016, Plaintiff filed a request for appointment of pro bono counsel. (ECF No. 102). Plaintiff asked the Court to appoint limited purpose counsel to draft and file an opposition to Defendants' motion for summary judgment.

  According to Plaintiff, he needed counsel appointed because this case is complex, because Plaintiff is in Administrative Segregation and has no law library access, because Plaintiff has limited knowledge of the law, because Plaintiff has a 2.9 GPL, and because Plaintiff has been unable to obtain declarations from his witnesses.

  The Court denied Plaintiff's request for pro bono counsel, but granted him 60 days to

1

respond to Defendants' motion for summary judgment, and required the Office of the Attorney General to file a response regarding Plaintiff's alleged lack of law library access. (ECF No. 103).

On December 28, 2016, the Office of the Attorney General filed the declaration of officer Lamar Grant. (ECF No. 107). According to Lamar Grant, he was one of the officers responsible for determining if inmates in the Ad. Seg. Unit desired law library access. If an inmate requested law library use, he would document the request. Attached to Lamar Grant's declaration was a copy of the library logs. According to Lamar Grant, and the library logs, Plaintiff never requested use of the law library.

On January 12, 2017, Plaintiff filed a response to Lamar Grant's declaration. According to Plaintiff, he did request law library access, but was never provided it. Plaintiff alleges that what he has access to does not qualify as a law library, because there are no books and there is no law librarian to assist. Instead, there is an outdated computer that does not have updated cases or research capability. Plaintiff further alleges that his requests to make a copy of his response to Defendants' motion for summary judgment was denied, and that there are issues with his legal mail. Plaintiff requests that the Court send a representative to investigate these claims. Finally, Plaintiff alleges that his legal mail frequently goes missing.

The Court reaffirms its earlier order, denying pro bono counsel and giving an extension of time to respond to Defendant's motion. (ECF No. 103). Regarding the sufficiency of the law library, the Court will not take further action at this time. There is a dispute regarding whether Plaintiff requested law library access. The Court reminds all parties of the obligation to provide Plaintiff with access to the Courts. That said, in this case, Plaintiff has thus far been able to file documents with the Court, and in fact recently filed a response to Defendant's summary judgment motion that is over 500 pages (ECF No. 108). There appears to be no allegation in that opposition that it is deficient because of a lack of access to a law library. Additionally, Plaintiff has responded to both the Court and Defendants, so there does not appear to be an issue with Plaintiff receiving his legal mail in this case. As to the failure to make copies of Plaintiff's opposition to Defendant's motion for summary judgment, this too appears to have had no effect on this case. Plaintiff has filed his opposition, Defendants have received an electronic copy of the

opposition, and thus far Defendants have not complained about not receiving a paper copy.

Plaintiff's response raises other issues regarding the adequacy of the law library in general. The Court finds these allegations outside the scope of Plaintiff's current complaint and the Court's jurisdiction based on the complaint. To the extent Plaintiff seeks relief on these issues, Plaintiff must file a separate complaint, which will proceed in due course.

IT IS SO ORDERED.

Dated:   **January 13, 2017**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE