1

2

3

4

5                                   UNITED STATES DISTRICT COURT

6                                   EASTERN DISTRICT OF CALIFORNIA

7

8    GORDON DALE MEADOR,                         1:14-cv-00006-DAD-EPG (PC)

9                    Plaintiff,                  FINDINGS AND RECOMMENDATIONS,
                                                 RECOMMENDING THAT PLAINTIFF'S
10           v.                                  MOTION FOR A PRELIMINARY
                                                 INJUNCTION BE DENIED
11   K. AYE, et al.,                             (ECF NO. 116)

12                   Defendants.                 OBJECTIONS, IF ANY, DUE WITHIN
                                                 TWENTY-ONE DAYS
13

14

15           Gordon Meador ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

16   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On February 24, 2017, Plaintiff filed

17   an "Application for Preliminary Injunction to Prevent the Infliction of Pain and Suffering FRCP

18   65(a) Declaration" ("the Motion").  (ECF No. 116).

19           According to the Motion, Plaintiff has been on morphine since February 13th, 2013.  A

20   602 medical appeal directed that Plaintiff was to be provided morphine every 60 days.  However,

21   Dr. C. Wu (who was assigned in January of 2017 to the unit that Plaintiff is in) violated the 602

22   medical appeal by renewing Plaintiff's morphine for only 10 days.  Accordingly, on February

23   12th, 2017, Plaintiff lodged a 602 against Dr. C. Wu.  On February 15th, 2017, Plaintiff personally

24   sent Dr. C. Wu a notice of the violation.  On February 18th, 2017, Dr. C. Wu "remove[d] the

25   plaintiff from morphine all together."  Dr. C. Wu did this without ever examining Plaintiff.

26   Removing Plaintiff from morphine violates the Chief Medical Executive's order to provide

27   Plaintiff with morphine every sixty days.  Plaintiff states that he will not be able to function

28   without the morphine.  Plaintiff also appears to be alleging some sort of retaliation in relation to

                                                   1

1   his prosecution of this case, but he provides no facts related to this issue.  Plaintiff asks for an

2   evidentiary hearing on these issues, and for a preliminary injunction directing that Plaintiff be

3   placed back on morphine pending the outcome of the evidentiary hearing.

4         A federal district court may issue emergency injunctive relief only if it has personal

5   jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros.,

6   Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

7   officially, and is required to take action in that capacity, only upon service of summons or other

8   authority-asserting measure stating the time within which the party served must appear to

9   defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

10   Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

11   719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

12   relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under

13   Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

14   their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

15   concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

16         On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

17   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

18   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

19   public interest."  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural

20   Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under Winter, plaintiffs must establish that

21   irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance

22   for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

23         While the Court is sympathetic to Plaintiff's plight, the Court will recommend that the

24   Motion be denied.  Dr. C. Wu is not a defendant in this case.  Accordingly, the Court does not

25   currently have jurisdiction to order Dr. C. Wu (the doctor who is now apparently in charge of

26   Plaintiff's care) to prescribe Plaintiff morphine.

27         Additionally, Plaintiff himself cited to Federal Rule of Civil Procedure 65(a).  Federal

28   Rule of Civil Procedure 65(a)(1) clearly states that "[t]he court may issue a preliminary injunction

only on notice to the adverse party."[1]  Despite this, there is no indication that Plaintiff served Dr. C. Wu with a copy of the Motion.

Finally, the Court notes that it does not appear that Plaintiff tried to resolve this issue through the prison appeals process before filing the Motion.  According to Plaintiff, the Chief Medical Executive has directed that Plaintiff is to be provided with morphine.  However, it appears that instead of filing an appeal of Dr. C Wu's action of removing Plaintiff from morphine, which allegedly violates the Chief Medical Executive's directive, Plaintiff filed the Motion (the Motion is dated February 18th, 2017, which is the same day Dr. C. Wu allegedly informed Plaintiff that Plaintiff was no longer going to receive morphine).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Motion be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within **twenty-one (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.


Dated:   **February 27, 2017**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

---

[1]The Court notes that at one point Plaintiff asks for a temporary restraining order, as opposed to a preliminary injunction.  However, in that same sentence Plaintiff cites to Federal Rule of Civil Procedure 65(a), which deals with preliminary injunctions.  Additionally, in every other instance Plaintiff asks for a preliminary injunction, not a temporary restraining order.  Accordingly, the Court treats the Motion as a request for a preliminary injunction.