IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>K. AYE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:14-cv-00006-DAD-EPG (PC)<br><br>ORDER ALLOWING DEFENDANTS TO FILE A SUPPLEMENTAL SUMMARY JUDGMENT MOTION |

　　　　Gordon Meador ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint, filed on September 22, 2015, against defendants Garza, Sellers,[1] Aye, Moon, Nguyen, Clark, Kim, and Gill (collectively, "Defendants") on Plaintiff's claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF Nos. 30, 36, 37, & 38).[2]

　　　　On November 29, 2016, Defendants filed a motion for summary judgment. (ECF No. 99). On January 6, 2017, Plaintiff filed opposition to the motion for summary judgment ECF No. 108), a declaration in support of the opposition to the motion for summary judgment (ECF No.

---

[1] Defendants refer to "Sellers" as "Selliers."
[2] Defendant Smith was dismissed from the case on July 21, 2016, via a stipulation (ECF Nos. 77 & 81).

108-1, p. 177 & ECF No. 108-2 pgs. 1-11), and his statement of disputed facts (ECF No 109). On January 13, 2017, Defendants filed a reply.  (ECF No. 111).  On January 27, 2017, Plaintiff filed what the Court construes as a surreply.  (ECF No. 113).

Plaintiff's First Amended Complaint, as well as his opposition to the motion for summary judgment, appear to allege, among other claims, deliberate indifference to his serious medical needs after his February 2013 visit to San Joaquin Community Hospital.  (ECF No. 30, p. 9; ECF No. 108, pgs. 11-12).  Defendants did not address this portion of the claim in their summary judgment motion in depth, presumably based on comments made in Plaintiff's deposition.

Because of this, the Court will give Defendants the option of filing a supplemental motion for summary judgment addressing only Plaintiff's claim of deliberate indifference to serious medical needs regarding events that occurred after Plaintiff's February 2013 visit to San Joaquin Community Hospital.[3]  Defendant's supplemental brief may include any arguments regarding waiver based on deposition testimony, in addition to any arguments regarding the merits of the claim.

If Defendants decide to supplemental motion for summary judgment, Plaintiff will be given three weeks from the date of service of the motion to file his opposition.  Local Rule 230(l).  Defendants will be given seven days from the date the opposition is filed in CM/ECF to file a reply to the opposition.  (Id.).

Accordingly, IT IS HEREBY ORDERED that Defendants have twenty-one days from the date of service of this order to file a supplemental motion for summary judgment.  If Defendants file a supplemental motion for summary judgment, Plaintiff has twenty-one days from the date of service of the summary judgment motion to file his opposition.

\\\
\\\
\\\
\\\

---

[3] The Court notes that if Defendants do file a supplemental summary judgment motion, they should include another notice and warning as required by Rand v. Rowland, 154 F.3d 952.

Defendants shall have seven days from the date the opposition is filed in CM/ECF to file a reply to the opposition, if any.

IT IS SO ORDERED.

Dated: __**March 29, 2017**__            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE