IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>                                    Plaintiff,<br><br>                v.<br><br>K. AYE, et al.,<br><br>                                    Defendants. | Case No. 1:14-cv-00006-DAD-EPG (PC)<br><br>ORDER ON PLAINTIFF'S EX PARTE AND CONFIDENTIAL COMMUNICATION<br><br>FOURTEEN DAY DEADLINE |

Gordon Meador ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 5, 2017, the Court received a document from Plaintiff marked "Confidential" and "Ex Parte Communication."  The Court will not address an *ex parte* submission from Plaintiff that is not placed on the record.  Any communications from one party to the court must include the other party, except under very limited circumstances.

The Court is currently holding Plaintiff's document and requests that Plaintiff notify the Court how to proceed, as discussed below.

The Plaintiff has three option: 1) Notify the Court in writing that the document may be docketed and disclosed to all parties; 2) Notify the Court in writing that Plaintiff does not want the document to be docketed and disclosed to all parties, in which case the Court will return the document to Plaintiff; or 3) File a motion to seal the document, which will seal the document

1

from the public, but allow the other parties to see the document.  There is no option that will

allow Plaintiff to communicate about the case to the Judge without disclosing it to the other

parties.

The following is the law related to a motion to seal, which again would keep the document

confidential from the public but allow all parties to see it:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.  Foltz, 331 F.3d at 1135 (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)).  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135.  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)).  In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret.  Foltz, 331 F.3d at 1135.  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (9th Cir.1986) ).

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  Nixon, 435 U.S. at 598, 98 S.Ct. 1306; accord Valley Broadcasting Co., 798 F.2d at 1294.  The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.  Foltz, 331 F.3d at 1136.

Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

///

///

1

2          Accordingly, based on the foregoing, IT IS ORDERED that within fourteen (14) days

3   from the date of service of this order, Plaintiff shall either: 1) Notify the Court in writing that he

4   wants the document to be docketed, in which case the Court will address it in due course; 2)

5   Notify the Court in writing that he does not want the document to be docketed, in which case the

6   Court will return the document to Plaintiff; or 3) File a motion to seal the document, which the

7   Court will  consider under the law discussed above.

           If Plaintiff fails to comply with this order the Court will return the document to Plaintiff.

8   IT IS SO ORDERED.

9
       Dated:   **April 6, 2017**                        /s/ Erica P. Grosj
10                                                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28