UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>K. AYE, et al.,<br><br>    Defendants. | No. 1:14-cv-00006-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 99, 127, 142) |

Gordon Meador ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint, filed on September 22, 2015, against defendants Garza, Sellers,[1] Aye, Moon, Nguyen, Clark, Kim, and Gill (collectively, "defendants") on plaintiff's claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. Nos. 30, 36, & 38.)[2]

/////

---

[1] Defendants refer to "Sellers" as "Selliers." Because "Sellers" is currently the name of the defendant reflected on the court's docket, the court will use that name.

[2] Defendant Smith was dismissed from the case on June 30, 2016, via stipulation. (Doc. Nos. 77, 81.)

1

On November 29, 2016, defendants filed a motion for summary judgment. (Doc. No. 99.) On January 6, 2017, plaintiff filed his opposition to that motion, his declaration in support of his opposition and his statement of disputed facts. (Doc. Nos. 108; 108-1 at 177 to 108-2 at 11; 109.) On January 13, 2017, defendants filed a reply. (Doc. No. 111.) On January 27, 2017, plaintiff filed an unauthorized surreply. (Doc. No. 113.) On January 30, 2017, defendants filed a motion to strike plaintiff's surreply. (Doc. No. 114.) On February 23, 2017, plaintiff objected to defendants' motion to strike his surreply. (Doc. No. 115.)[3]

Given some confusion regarding whether plaintiff had abandoned certain aspects of his claim of deliberate indifference to a serious medical need, on March 30, 2017, the assigned magistrate judge permitted defendants to file a supplemental motion for summary judgment. (Doc. No. 121.) On April 18, 2017, defendants filed their supplemental motion for summary judgment. (Doc. No. 127.) On April 27, 2017, plaintiff filed his opposition to the supplemental motion for summary judgment. (Doc. No. 131.) On May 1, 2017, defendants filed their reply. (Doc. No. 133.) Because it appeared that plaintiff may have filed his opposition to the supplemental summary judgment motion before actually receiving a copy of it, the magistrate judge allowed him to file another opposition to the supplemental motion. (Doc. No. 134.) On May 11, 2017, plaintiff filed his second opposition to the supplemental motion for summary judgment. (Doc. No. 136.) On May 19, 2016, defendants filed their reply. (Doc. No. 138.)

On August 30, 2017, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted in part and denied in part. (Doc. No. 142.) Specifically, the magistrate judge recommended that defendants be granted summary judgment with respect to plaintiff's claim that the defendants' deliberate indifference to his serious medical need caused him to contract a spinal infection in light of the fact that at summary judgment plaintiff had failed to present any evidence in support of such a claim or to counter defendants' evidence. (Doc. No. 142 at 17.) The magistrate judge also recommended that defendants Garza, Aye, Moon, Nguyen, Clark, Kim, and Gill be granted summary judgment

---

[3] The magistrate judge denied defendants' motion to strike and considered plaintiff's surreply. (Doc. No. 142 at 3.)

2

in their favor with respect to plaintiff's claim that they were deliberately indifferent to his serious medical needs based upon the conclusion that on the evidence submitted on summary judgment no fair-minded jury could reasonably find that those defendants had consciously disregarded an excessive risk to plaintiff's health. (*Id*. at 27.) Finally, the magistrate judge recommended that defendants' motion for summary judgment be denied as to plaintiff's claim that defendant Sellers was deliberately indifferent to plaintiff's serious medical needs in light of some evidence before the court on summary judgment that defendant Sellers had repeatedly and completely refused to treat plaintiff, who had an obviously serious need for medical care. (*Id*. at 18-19.)

The parties were provided an opportunity to file objections to the findings and recommendations within twenty days. Plaintiff filed a statement of non-opposition, affirmatively accepting the recommendation set forth in the findings and recommendations. (Doc. No. 143.) Defendants filed no objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on August 30, 2017, are ADOPTED in full;
2. Defendants' motions for summary judgment (Doc. Nos. 99 & 127) are GRANTED in part and DENIED in part;
3. To the extent that plaintiff's claim for deliberate indifference to his serious medical needs based on defendants' alleged failure to provide plaintiff with a custom medical corset survived screening, defendants are granted summary judgment with respect to that claim;
4. Defendants' motion for summary judgment is granted with respect to plaintiff's claim that defendants' deliberate indifference caused him to contract a spinal infection;

/////
/////

5. Defendants Aye, Moon, Nguyen, Clark, Kim, Gill, and Garza are granted summary judgment in their favor as to plaintiff's claim that they were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment;
6. Defendants' motion for summary judgment is denied with respect to plaintiff's claim that defendant Sellers was deliberately indifferent to his serious medical needs; and
7. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 27, 2017**

_____
UNITED STATES DISTRICT JUDGE